ORIGINAL
D&F
CM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NORI JENKINS,

                   Petitioner,

-against-                      **MEMORANDUM AND ORDER**
                                                            Case No. 09-CV-828 (FB)

DAWSON BROWN, Superintendent, Sing Sing
Correctional Facility,

                   Respondent.
-----------------------------------------------------------x

*Appearances:*
*For Petitioner:*
STEPHEN N. DRATCH, ESQ.
Franzblau Dratch P.C.
233 Broadway, Suite 2701
New York, New York 10179

*For Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney
Kings County
BY:   THOMAS M. ROSS, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, New York 11201

*On the Brief:*
LEONARD JOBLOVE, ESQ.

**BLOCK, Senior District Judge:**

       Petitioner Nori Jenkins ("Jenkins") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his February 4, 2005, burglary conviction in the New York Supreme Court, Kings County. Jenkins claims that his trial violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. For the reasons set forth below, the petition is denied.

                                              I

       The evidence of Jenkins's guilt presented at trial was compelling, and none of that evidence is challenged in this petition. Jenkins was observed entering a home in

Brooklyn through a side window at midday on October 4, 2002. He was arrested upon exiting the home by the police; two compact discs taken from the home were in his possession. Jenkins later made a written confession.

A jury found Jenkins guilty on one count of burglary in the second degree; he was sentenced to a lengthy term of imprisonment. His conviction was affirmed by the Appellate Division. *People v. Jenkins*, 846 N.Y.S.2d 347 (2d Dep't 2007). The Court of Appeals denied leave to appeal. *People v. Jenkins*, 10 N.Y.3d 766 (2008). Jenkins has timely filed his *habeas* petition.

## II

Jenkins raises the following claims: (1) he was not fit to stand trial; (2) he should have been permitted to proceed *pro se*; (3) the trial should not have continued while he was absent one day; (4) he was not permitted to testify on his own behalf; and (5) the trial judge was biased. All of these claims were adjudicated on the merits by the Appellate Division.[1]

### A.  *Standard Of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the guidelines under which a federal court may grant the writ because of a

---

[1] The Appellate Division discussed and denied claims 1-3 in its written decision. *Jenkins*, 846 N.Y.S.2d at 347-48. Claims 4 and 5 were also presented to the Appellate Division in Jenkins's brief, which summarily denied both claims, without discussion, as "without merit." *Id.* at 348. The denial of leave to appeal by the Court of Appeals was not an adjudication on the merits of Jenkins's claims. *See St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004) (citing *People v. Byrne*, 77 N.Y.2d 460, 464-65 (1991) ("A denial of leave to appeal to the Court of Appeals by an individual Judge or Justice does not represent a determination on the merits . . .")).

2

constitutional violation to a state prisoner whose claims have been adjudicated on the merits by a state court. *See* 28 U.S.C. § 2254; *see also Williams v. Taylor*, 529 U.S. 362, 402-11 (2000); *Eze v. Senkowski*, 321 F.3d 110, 122 (2d Cir. 2003) (explaining that a court "need only dispose of the petitioner's federal claim on substantive grounds, and reduce that disposition to judgment.") (internal citation omitted). A *habeas* petition may not be granted unless the state court decision: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Where a state court "fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits," a *habeas* court must "focus its review on whether the state court's ultimate decision was an unreasonable application of clearly established Supreme Court precedent." *Wilson v. Mazzuca*, 570 F.3d 490, 499 (2d Cir. 2009).

A state court decision is "contrary to" clearly established Federal law "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives" at a different result. *Williams*, 529 U.S. at 405-06. A state court determination of fact "shall be presumed to be correct," and the *habeas* petitioner can rebut that presumption only with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## B. Jenkins's Fitness To Stand Trial

A "criminal trial of an incompetent defendant violates due process." *Medina v. California*, 505 U.S. 437, 453 (1992). In determining whether a defendant is competent to stand trial, the trial court is bound to consider: (1) "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding"; and (2) "whether he has a rational as well as factual understanding of the proceedings against him." *See Dusky v. United States*, 362 U.S. 402, 402 (1960). The trial court has an independent duty to assure that a defendant is competent to stand trial and to order a hearing, *sua sponte*, where doubt is raised. *See Pate v. Robinson*, 383 U.S. 375 (1966). A hearing is not required if there is no reasonable cause to question the defendant's competency, *id.* at 385-86, and that determination is within the discretion of the trial judge, *United States v. Nichols*, 56 F.3d 403, 414 (2d Cir. 1995) (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). *See also Francis S. v. Stone*, 221 F.3d 100, 114 (2d Cir. 2000) (internal citation omitted) (a trial judge's determination of competency has "generally been held to be an issue of fact, entitled to deference by a federal habeas corpus court."). In determining whether a competency hearing is indicated, a trial court should consider, *inter alia*, factors such as evidence of irrational behavior by the defendant, the defendant's demeanor at trial, medical opinions, and the opinion of defense counsel. *Drope*, 420 U.S. at 177 n.13, 180.

In the present case, the trial court ordered Jenkins to submit to two separate "730 Examinations" prior to trial.[2] Both examinations were ordered following requests

---

[2] A "730 Examination" is the common nomenclature for the procedure employed by the courts of New York to assess the fitness of criminal defendants to stand trial. *See* N.Y. Crim. Proc. Law, Art. 730.

4

from Jenkins's counsel, and both resulted in determinations by the examiners that Jenkins was fit to stand trial. The doctors who performed the first examination, in April 2004, reported that Jenkins was not fit, but that determination was changed in July 2004 following Jenkins's stay at the Kirby Forensic Psychiatric Center of the New York State Office of Mental Health. *See* Resp. Ex. H (730 Examination Report (Apr. 5, 2004)); Resp. Ex. I (Report of Kirby Center (July 19, 2004)). The doctors who conducted the second examination, in November 2004, unequivocally concluded that Jenkins was fit to proceed. *See* Resp. Ex. J (730 Examination Report (Nov. 19, 2004)).

Jenkins made repeated requests for a third 730 Examination throughout the course of the trial, sometimes through counsel, and sometimes directly. The trial judge rejected each request. The Appellate Division considered and rejected Jenkins's claim that he was entitled to a third 730 Examination:

> The Supreme Court did not improvidently exercise its discretion in denying [Jenkins's] repeated applications for further competency applications pursuant to CPL article 730 . . . The Supreme Court was entitled to rely on pretrial examination reports finding the defendant fit to proceed, including one dated less than four months before the commencement of trial, as well as its own observations of the defendant, in determining that further examination was unwarranted.

*People v. Jenkins*, 846 N.Y.S.2d 347, 347 (2d Dep't 2007) (internal citations omitted).

In his *habeas* petition, Jenkins submits selected passages from the trial transcript as evidence of his incompetence. While Jenkins made strange outbursts on occasion during the trial (albeit never in the presence of the jury, having been warned that he would be removed in such an event, *see* R. at 27[3]), these selected passages fall well short

---

[3] The abbreviation "R." refers to the trial transcript. *See* Resp. Ex. A.

5

of the "clear and convincing" evidence necessary to overcome the determination that a third 730 Examination was unnecessary. The trial judge relied on the two previous 730 Examinations that declared Jenkins fit for trial; these reports indicated that Jenkins might be faking his mental difficulties. The trial judge was entitled to rely on these opinions. *See Drope*, 420 U.S. at 177 n.13, 180. The transcript reflects that the trial judge engaged in numerous colloquies with Jenkins and that the trial judge observed that Jenkins conferred with counsel throughout the trial. The trial judge was entitled to rely upon these observations of Jenkins's demeanor. *See id.* The trial judge rejected the opinion of defense counsel that a 730 Examination was required; he was "not required to accept the representations of defense counsel 'without question.'" *Harris v. Kuhlmann*, 346 F.3d 330, 355 (2d Cir. 2003) (citing *Drope*, 420 U.S. at 177 n.13).

In sum, Jenkins does not demonstrate that the Appellate Division's affirmation of the trial judge's decision that another competency hearing was not warranted was an unreasonable determination of fact or law under AEDPA.

C. *Jenkins's Requests To Proceed* **Pro Se**

Jenkins contends that his Sixth Amendment right to counsel was violated when the trial court refused to allow him to proceed *pro se*. It is clearly established Supreme Court law that a criminal defendant has a constitutional right to represent himself. *Faretta v. California*, 422 U.S. 806, 807 (1975). Violation of that right requires reversal and is not subject to harmless error analysis. *Johnstone v. Kelly*, 808 F.2d 214, 217 (2d Cir. 1986). The right is not absolute, however; a court confronted with a request to proceed *pro se* may require that the defendant "abide by rules of procedure and courtroom

6

protocol." *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984). Where such a request is made after the commencement of the trial, the trial judge must balance "the prejudice to the legitimate interests of the defendant" against the "potential disruption of proceedings already in progress." *United States v. Stevens*, 83 F.3d 60, 67 (2d Cir. 1996) (internal citation omitted); *see also United States v. Walker*, 142 F.3d 103, 108 (2d Cir. 1998) ("defendant's right to self-representation is sharply curtailed" once trial has begun) (internal citation and quotation marks omitted). The balancing assessment is reserved to the trial court, and the trial court's assessment is entitled to "considerable weight." *Id.*[4]

Jenkins did not clearly request permission to represent himself until the second day of the trial. *See* Pet. Mem. of Law at 7-10; *see also* R. at 148-167. The trial judge denied his request, concluding that it would disrupt the trial. R. at 149-50. The Appellate Division affirmed: "The court was justified in finding that the request, which was made after trial commenced and the jury was selected and sworn, was designed to prevent the fair and orderly exposition of the issues." *Jenkins*, 846 N.Y.S.2d at 347 (internal citation omitted).

The trial court and the Appellate Division appropriately based their decisions on their assessment that granting Jenkins's request would disrupt an ongoing trial in which

---

[4] The Supreme Court has not directly opined on whether a self-representation request must be timely, nor has it opined on what factors should be considered when such a request is made after a trial has begun. The Court has, however, stated in dicta that "most courts" require the invocation of the right to self-representation to be done "in a timely manner," and that "[e]ven at the trial level ... the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Martinez v. Ct. App. of Cal., 4th App. Dist.*, 528 U.S. 152, 162 (2000).

7

the jury had already been sworn. Under AEDPA, these were not unreasonable applications of *Faretta*.

### D. *Jenkins's Absence From Third Day of Trial*

Jenkins contends that the trial court erred when it proceeded in his absence on February 3, 2005. A criminal defendant has the right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings. *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934). The question is whether Jenkins "waive[d] his right to be present at trial . . . by voluntarily failing to appear." *Clark v. Stinson*, 214 F.3d 315, 323 (2d Cir. 2000) (citing *Taylor v. United States*, 414 U.S. 17, 20 (1973)).

A waiver of the right to be present must be knowing and intelligent, and the determination of whether a waiver is effective is primarily a fact question. *See Tacon v. Arizona*, 410 U.S. 351, 352 (1973); *see also* 28 U.S.C. § 2254(e)(1). Jenkins submits that he was absent because of a claimed suicide attempt which the trial court unjustifiably disregarded. *See* Pet.'s Mem. of Law at 31. The record, however, demonstrates that before proceeding in Jenkins's absence the trial judge consulted with physicians and Department of Corrections personnel. Based on those discussions, the trial judge concluded that Jenkins had either ingested pills that he should not have had, or, as was equally likely, Jenkins simply said that he had taken pills without having done so. In either case, the act was voluntary. The trial judge was therefore entitled to conclude that Jenkins voluntarily absented himself from trial, especially in light of a physician's report that Jenkins was "alert and awake and did not appear to be suffering any physical effects." R. at 306; *cf. United States v. Davis*, 61 F.3d 291, 302-03 (5th Cir. 1995) (holding that trial court did not

8

commit error by continuing with trial where defendant who had allegedly attempted suicide "showed no indicia of a serious drug overdose"). The Appellate Division affirmed the trial judge's conclusion, holding that "[t]he record supports the trial court's determination that the defendant's absence was deliberate. Thus, the court properly proceeded with the trial in his absence." *Jenkins*, 846 N.Y.S.2d at 348.

In sum, Jenkins does not demonstrate that the Appellate Division's decision was an unreasonable determination of fact or law under AEDPA.

E. *Jenkins's Right To Testify In His Own Defense*

Jenkins contends that the trial court violated his right to testify in his own defense despite the fact that he took the stand, albeit briefly, on the fourth day of the trial. "[I]t cannot be doubted that a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." *Rock v. Arkansas*, 483 U.S. 44, 49 (1987). The right is not unlimited, however; it may "bow to accommodate other legitimate interests in the criminal trial process." *Id.* at 55 (citing *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)). Limitations of the right to testify are therefore permissible so long as they are not "arbitrary or disproportionate to the purposes they are designed to serve." *Rock*, 483 U.S. at 56.

The Appellate Division summarily denied this claim as meritless. *Jenkins*, 846 N.Y.S.2d at 347. Where a state court fails to articulate the rationale underlying its decision, this Court "will focus its review on whether the state court's ultimate decision was an unreasonable application" of clearly established Supreme Court law; in this case, the Court therefore considers whether the trial judge's actions were reasonable under *Rock*. *See Eze*, 321 F.3d at 125 (internal citation and quotation marks omitted).

Jenkins argues that his right to testify was abridged because the trial judge refused to grant a continuance to "allow [Jenkins] a chance to gather himself before testifying," Pet.'s Mem. of Law at 32; the trial judge ordered Jenkins's counsel to either present the defense's case or begin summation. Jenkins contends that this forced choice required him to testify when he was physically or mentally unable to do so, or else waive his right to testify altogether. See Pet's Mem. of Law at 33.

The trial judge disbelieved Jenkins's assertions that he was physically or mentally not fit to testify: "The defendant has engaged in a pattern of deceptive, misleading conduct. We went from mental illness to physical illness when the mental illness wouldn't work." R. at 404 (responding to Jenkins's request for a mistrial based on his right to testify). The trial judge was in a superior position to observe Jenkins's demeanor, and Jenkins submits nothing other than the transcript to demonstrate that he was not capable of taking the stand. Jenkins therefore fails to demonstrate under AEPDA that the trial court's actions reflected unreasonable determinations of fact or unreasonable applications of Rock.

### F. The Trial Judge's "Overt Hostility" Towards Jenkins

While the petition is not a model of clarity, the Court construes it as arguing that the trial judge was unconstitutionally biased against Jenkins. A criminal defendant has a "right to be tried by an unbiased and impartial judge without a direct personal interest in the outcome of the hearing." Ungar v. Serafite, 376 U.S. 575, 584 (1964). The record demonstrates that this claim is without merit. "[A] court need not elaborate or give reasons

for rejecting claims which it regards as frivolous or totally without merit." *Sumner v. Mata*, 449 U.S. 539, 548 (1981).

## CONCLUSION

Jenkins's petition for a writ of *habeas corpus* is denied. No certificate of appealability is granted, as Jenkins has not made a substantial showing of the denial of a constitutional right with respect to any of his claims. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

s/FB
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 10, 2009

11